IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT R. TOLAN, MARIAN TOLAN,  §
BOBBY TOLAN, AND ANTHONY COOPER, §
§
§
        Plaintiffs,     §
§
VS.                     §   CIVIL ACTION H-09-1324
§
JEFFREY WAYNE COTTON, JOHN C.  §
EDWARDS, RANDALL C. MACK, BYRON §
HOLLOWAY, CYNTHIA SIEGEL,    §
BERNARD SATTERWHITE, THE CITY OF§
BELLAIRE, and THE BELLAIRE    §
POLICE DEPARTMENT,           §
§
        Defendants.     §

## OPINION AND ORDER

Pending before the Court in the above referenced cause are
Plaintiffs' objection to Defendants' bill of costs[1] and motion to
stay taxation of costs pending any appeal (Instrument #85) and
motion for review of Clerk's taxation of costs (#93).

The Court will review the Clerk's taxation of costs because
they were erroneously entered before the Court addressed the
objections to the bill of costs filed by Defendants Jeffrey Cotton
("Cotton") and John Edwards ("Edwards"), who were granted final

---

[1] The bill of costs (#84) requested costs be assessed against
Plaintiffs in the amount of $6,755.54.  The Clerk entered costs in
that amount on May 1, 2012 even though there were objections
pending.

-1-

summary judgment based on qualified immunity[2] against Plaintiffs Robert R. Tolan, Marian Tolan, Bobby, Tolan, and Anthony Cooper. Because, too, there was also confusion about the entry of the final judgment and amended final judgment, the Court requested Defendants to respond to Plaintiffs' objections to the bill of costs and motion to stay taxation of costs pending appeal. #96. Defendants have now filed a response (#97).

In their motion for review, Plaintiffs argue that the bill of costs should be denied because Cotton and Edwards failed to satisfy their burden of establishing and verifying that the costs were necessarily incurred for use in this litigation. To the extent that the Court finds that the requested costs are taxable, they also ask the Court to stay taxation of any costs pending the outcome of any appeal. Plaintiffs did file a notice of appeal (#87) on April 27, 2012, and then an amended notice of appeal (#89) on May 1, 2012 after the Court issued an amended final judgment (#88).

Federal Rule of Civil Procedure 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Although taxation of costs under Rule 54(d) is

---

[2] Corrected Memorandum and Order (#83) and Amended Final Summary Judgment (#88) awarding costs and made final under Rule 54(b). The instant action remains pending against the City of Bellaire.

a matter within the discretion of the court, it "contains a strong presumption that the prevailing party will be awarded costs." *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 972 (S.D. Tex. 2011), *citing Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir.), *cert. denied*, 549 U.S. 888 (2006).  If the court in its discretion denies or reduces the prevailing party's request for an award of costs, it must provide a good reason for its decision. *Id.*, *citing id.* at 793-94.  Moreover the court may only tax as costs those expenses set out in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

If an objection is raised to the bill of costs, the party requesting an award of costs "bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Baisden*, 793 F. Supp. 2d at 793, *citing Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).  To show that a specific cost was necessarily incurred requires the requesting party establish a sufficient nexus between the cost incurred and the litigation. *Fogleman*, 920 F.2d at 286.  Moreover the party seeking

the award must attach an affidavit "made by himself or his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  28 U.S.C. § 1924.

Plaintiffs object to Defendants' original affidavit's language, which stated only, "This affidavit is made to verify Defendants', Jeffrey Cotton and John Edwards, taxable costs [*sic*]," and that they made no attempt to verify the necessity of the costs or their alleged nexus to this lawsuit.  #84.  In support of their request for $473.76 for "fees and disbursement for printing," Defendants submitted an invoice dated March 31, 2012, the same day on which the Court entered summary judgment in their favor.  They question how an invoice dated more than one year after Defendants filed their motion for summary judgment could be a necessary result of this litigation.  Defendants' failure to show that the reproduction costs necessarily resulted from this litigation should support a denial of the award of costs.

Next Plaintiffs object to awarding $1,129.00 for transcripts of testimony that they gave in the related criminal action against Jeffrey Cotton.  #84-1 at 3, 5-6.  While the $685 invoice dated November 9, 2010 indicates it is for the testimony of Cotton and Edwards, the $444 invoice is not dated and does not specify what it was for, other than "services rendered in the above-entitled and

numbered case."

Last, Defendants request $5,152.78 for transcripts of the deposition testimony of Plaintiffs, Defendants and Defendants' experts. #84-1 at 3, 8-15. Plaintiffs argue that in order to tax the costs of a deposition transcript, at the time the deposition was taken it must have reasonably been "expected to be used for trial preparation, rather than merely for discovery." *Fogelman*, 920 F.2d at 285. Defendants have not shown that at the time the depositions were taken they reasonably expected to use them for trial preparation. Moreover, Defendants' supporting invoices indicate they are seeking costs for both the original transcripts and a certified copy of each, but they do not show the necessity for the certified copies. #84-1 at 8-11. Additional copies of transcripts sought merely for the convenience of counsel are not taxable costs. *Studiengesellschaft Kohle mbH v. Eastman Kodack Co.*, 713 F.2d 128, 133-34 (5th Cir. 1983)("Kodak's bill of costs . . . does not separate the cost of the original deposition from the cost of copies, and the cost of copies is taxable only if the copies were necessarily obtained for use in the case."); *Maurice Mitchell Innovations, LP v. Intel Corp.*, 491 F. Supp. 2d 684, 688 (S.D. Tex. 2007)(refusing to tax costs for certified copies of deposition transcripts without a showing of the necessity of certified copies in addition to the originals).

Plaintiffs urge the Court in its discretion to deny the award

of costs and articulate good reasons for that decision, including that there were close and difficult legal issues raised here, that Plaintiffs acted in good faith, and that Plaintiff have limited financial resources.

Finally, if the Court decides to tax costs, Plaintiffs request the Court to stay that taxation pending resolution of their appeal.

In response, pointing out that their initial bill of costs was on the form designed for such requests by the Southern District of Texas and submitting affidavits and supporting documentation from Bruce Cain and Lois Tatum, Defendants maintain that their submission clearly establishes that the costs sought were necessarily incurred in defense of claims the Plaintiffs brought. To Plaintiffs' specific objections, they first point out that the $473.46 incurred in providing the Court with a courtesy copy of the summary judgment record is customary under local judicial procedures in this division of the Southern District of Texas and is a recoverable, necessarily incurred cost. The cost was incurred on March 31, 2012, before this Court entered its order of summary judgment on April 2, 2012. #81. The Court agrees that courtesy copies are an accepted practice and that the cost should be covered.

Defendants insist that the testimony from the criminal proceedings directly related to the occurrences that form the basis of this suit and was obviously necessary for defending against

Plaintiffs' claim because Plaintiffs filed excerpts of this testimony in their opposition to Defendants' motion for summary judgment. #70, Exs. 2, 3, 4, 8 and 9. Here, too, the Court thus finds that an award of costs is justified.

Defendants cannot tell whether Plaintiffs are complaining about the $685 cost of obtaining the criminal trial testimony of Cotton or Edwards from the Court Reporter for the 232nd Criminal District Court of Harris County, but if so, Defendants point out that it was included in the summary judgment submissions as well as referenced in the Court's opinion. As for the $444 paid to the same Court Reporter for the transcript of the criminal trial testimony of Plaintiffs Robby Tolan, Bobby Tolan and Marian Tolan, Plaintiffs filed some of this testimony in opposition to Defendants' motion for summary judgment. #70, Exs. 3, 8. and 9. Furthermore the deposition testimony of Plaintiffs and of the expert witnesses was filed and used in the summary judgment litigation. Moreover, Defendants observe that the Fifth Circuit stated in *Marmillion v. American Intern. Ins. Co.*, 382 Fed. App'x 421, 430, Nos. 08-61129 and 09-60228, 2010 WL 2392716, *8 (5th Cir. June 16, 2010), "We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for party to recover the costs of the deposition transcript. Again the pertinent question is whether the

transcript was necessarily obtained for use in this case."[3]   The Court finds that Defendants have shown that these costs were necessarily incurred for use in the summary judgment proceedings.

Defendants contend that Plaintiffs' objection that the invoice submitted with the bill of costs shows that Defendants obtained both original deposition transcripts and a copy of them is frivolous  because it is generally accepted industry practice for court reporting services to provide, free of charge, a complimentary copy of a deposition transcript to the party who purchases the original transcript, as happened here.  #97, Ex. B. There was no extra cost for the copy.  Thus the Court agrees that the objection lacks merit.

Defendants highlight the fact that aside from the conclusory (and therefore insufficient) statement in Bobby Tolan's affidavit that Plaintiffs have limited finances, Defendants have not provided any evidence of Plaintiffs' financial condition nor a legitimate

---

[3] Defendants also quote from *Fogelman*, 920 F.2d at 285:

This court has previously held that prevailing parties are entitled to recover the costs of original deposition and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided that they were "necessarily obtained for use in the case.  Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case."  If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.

reason for denying reimbursement to public servants Cotton and Edwards for the costs they have incurred in defending against Plaintiffs' claims. Even if the Court determines that Plaintiffs are financially strapped, such a finding should not overcome the presumption that costs should be awarded under Rule 54(d). *See, e.g., Rosales v. City of San Antonio, Texas*, 2002 WL 1492590, *1 (W.D. Tex. Mar. 31, 2001)("[C]osts should be awarded in all but the exceptional case. Indigency of the losing party is a factor considered in some instances, such as where plaintiff is 'of such modest means that it would be an injustice or inequitable' to enter a cost award. However, inability to pay does not automatically warrant setting aside an otherwise documented [cost] award."); *Phillips v. TXU Corp.*, No. 03CV2736 B, 2007 WL 141060, *2 (N.D. Tex. 2007)("Although there can be no doubt that Defendant's financial resources are far superior to Ms. Phillips's, were this to be a determinative factor, a non-prevailing individual party would be absolved of ever being liable for the costs incurred by all but the smallest of corporate prevailing parties, particularly in employment discrimination cases. Such a rule would be directly contrary to the general rule embodied in Rule 54(d)(1) that costs be imposed as a matter of course against a non-prevailing party.").

The Court observes that Plaintiffs have not filed a reply offering any additional support to show an exceptional financial condition that might overcome the presumption that costs should be

awarded here.

Plaintiffs have asked the Court to stay the taxation of costs pending resolution of their appeal of the summary judgment order. They have not cited any authority for their request, and argue only judicial inefficiency, should the Court subsequently have to vacate the award.  In deciding whether to issue a stay pending appeal, the Supreme Court has ruled that a court should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 482 U.S. 776 (1987).  The Court's opinion and order granting Defendants qualified immunity clearly states the reasons why Plaintiffs are unlikely to succeed on the merits.  The Court further finds that Plaintiffs will not be irreparably injured absent a stay, as the award of costs is not enormous and if the Fifth Circuit reverses this Court, Plaintiffs will be reimbursed. Any judicial inefficiency would be minor.  Moreover, Plaintiffs will not be otherwise prejudiced by the delay.

After reviewing the record, the Court finds that Defendants have met their burden of demonstrating that they are entitled to reimbursement of the costs listed in their bill of costs because they have shown that these expenses were necessarily incurred in

defending themselves from the claims Plaintiffs asserted against them in this action and in prevailing on summary judgment. Plaintiffs have failed to overcome the presumption that prevailing parties Cotton and Edwards are entitled to reimbursement of these costs. Accordingly the Court

ORDERS that Plaintiffs' objections to the bill of costs are OVERRULED. While the Court has reviewed the Clerk's taxation of costs, for the reasons stated above it otherwise

ORDERS that Plaintiffs' motion for review and stay pending appeal is DENIED. Defendants Edwards and Cotton are entitled to recover $6,755.54 in costs against Plaintiffs.

**SIGNED** at Houston, Texas, this  12th  day of  July , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-11-