IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT R. TOLAN, MARIAN TOLAN, BOBBY TOLAN AND ANTHONY COOPER, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:09-1324 |
| v. | § § | JURY TRIAL DEMANDED |
| THE CITY OF BELLAIRE, TEXAS, AND JEFFREY WAYNE COTTON, | § § § | |
| Defendants. | § § | |

### NOTICE OF SERVICE AND DISCLOSURE OF PLAINTIFF ROBERT R. TOLAN'S EXPERTS

Plaintiff Robert R. Tolan, in accordance with the Court's August 27, 2014 Order (Doc.

No. 127) and the Federal Rules of Civil Procedure 26(a)(2), hereby makes and serves his Expert

Disclosures:

Respectfully submitted,

By: /s/ Benjamin L. Crump
PARKS AND CRUMP LLC
240 N Magnolia Drive
Tallahassee, FL 32301
850-222-3333

By: /s/ Daryl K. Washington
Daryl K. Washington
Federal Bar No. 612861
State Bar No. 24013714
LAW OFFICES OF DARYL K. WASHINGTON, PC
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
214-751-6685 - fax
Email: dwashington@dwashlawfirm.com

### ATTORNEYS FOR PLAINTIFFS

EXHIBIT
63

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Daryl K. Washington
DARYL K. WASHINGTON

## I.
## RETAINED EXPERTS

1.  William T. Gaut, PhD
    9063 Autumn Haze Drive
    Naples, FL 34109-1501

Dr. Gaut will offer opinions and testimony how the officers improperly deviated from the standard of reasonable suspicion, and from the standard procedure for responding to a TCIC/NCIC "hit" for a stolen vehicle; that the force used against Robert Ryan Tolan by Bellaire Police Sergeant Jeffrey Cotton, under color of office, was unlawful, unreasonable, excessive, and was the direct and proximate cause of injury to Robert Tolan; that Bellaire police officers, under color of office, acted with conscious disregard for the rights and safety of Robert Tolan; that the willful, wanton and intentional violation of generally accepted police standards was the direct and proximate cause of the injury to Robert Tolan; that the City of Bellaire, through the Bellaire Police Department failed in its duty to properly train and supervise its police officers and supervisors, and exhibited a deliberate indifference for the rights and well-being of Robert Tolan by allowing a gross deviation from the generally accepted standards of police practices and procedures; that the gross deviation from accepted police practices and procedures by the Bellaire Police officers and supervisors rises to the level of substantial, deliberate indifference for the rights and safety of Robert Tolan. Dr. Gaut's opinions, and the basis for same, are more fully expressed in his report.

A copy of Dr. Gaut's expert report, curriculum vitae (including a list of publications), testimony list, exhibit list, and fee schedule have been provided to the Defendants.

Dr. Gaut may offer other opinions and conclusions to rebut the opinions of Defendants' experts.

2.  Bill Flynn
    Bill Flynn Investigations
    43198 W. Knauss Drive
    Maricopa, AZ 85138

Mr. Flynn will offer opinions and testimony that the officers improperly deviated from the standard of reasonable suspicion, and from the standard procedure for responding to a TCIC/NCIC "hit" for a stolen vehicle; that the force used against Robert Ryan Tolan by Bellaire Police Sergeant Jeffrey Cotton, under color of office, was unlawful, unreasonable, excessive, and was the direct and proximate cause of injury to Robert Tolan; that Bellaire police officers, under color of office, acted with conscious disregard for the rights and safety of Robert Tolan; that the willful, wanton and intentional violation of generally accepted police standards was the direct and proximate cause of the injury to Robert Tolan; that the City of Bellaire, through the Bellaire Police Department failed in its duty to properly train and supervise its police officers and supervisors, and exhibited a deliberate indifference for the rights and well-being of Robert Tolan by allowing a gross deviation from the generally accepted standards of police practices and procedures; that the gross deviation from accepted police practices and procedures by the Bellaire Police officers and supervisors rises to the level of substantial, deliberate indifference for the rights and safety of Robert Tolan.

Mr. Flynn may offer other opinions and conclusions to rebut the opinions of Defendants' experts.

Mr. Flynn's opinions, and the basis for same, are more fully expressed in his report. A copy of Mr. Flynn's report, curriculum vitae (including a list of publications), testimony list, exhibit list, and fee schedule have been provided to the Defendants.

3. Stan V. Smith
   Smith Economics Group, Ltd.
   1165 N. Clark , Suite 600
   Chicago, IL 60610

Stan Smith is an economist who will offer opinions and testimony regarding the nature and calculations of Plaintiff's damages. Dr. Smith may offer other opinions and conclusions to rebut the opinions of Defendants' experts.

Dr. Smith's opinions, and the basis for same, are more fully expressed in his report. A copy of Dr. Smith's report, curriculum vitae (including a list of publications), testimony list, exhibit list, and fee schedule have been provided to the Defendants.

4. Aubrey "Nick" Pittman
   THE PITTMAN LAW FIRM, P.C.
   100 Crescent Court, Suite 700
   Dallas, TX 75201

Mr. Pittman may provide testimony regarding reasonable and necessary attorneys' fees. He will testify that factors he considers in determining reasonableness include "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; the fee arrangement existing between counsel and the client; and the risks taken and difficulties that were overcome by counsel in accepting an engagement of this type."

Mr. Pittman is the managing partner of The Pittman Law Firm, P.C., a Texas firm with its headquarters in Dallas, Texas. His practice is concentrated in counseling and litigation in a variety of legal matters involving civil rights violations, personal injury and wrongful death, intellectual property, and numerous other litigation matters. Pittman has represented clients in state courts and in federal trial and appeals courts throughout the country.

He received a Masters of Business Administration degree from Southern Methodist University and a juris doctor degree from the University of Texas School of Law. He has been inducted into the International Order of Barristers, and is licensed to practice before the U.S. Supreme Court, the Fifth, Sixth, and Ninth Circuit Courts of Appeals, the Federal Circuit Court of Appeals, Texas Supreme Court and all state and federal courts in Texas. He is also a Certified Public Accountant. Pittman has been selected numerous times as a Super Lawyer by Texas Monthly and nationally acclaimed Law & Politics Magazine. He was recognized for his contributions to the profession when he was named by TYLA as the Outstanding Young Lawyer of the year for the State of Texas. The Dallas Young Lawyers Association also named him the

Outstanding Young Lawyer of the Year. He served for ten years on the Advisory Committee for the United States District Court for the Northern District of Texas and has served on both the Magistrate Selection and the Reappointment Committee for the U.S. District Court for the Northern District of Texas.

He is a member of the State Bar of Texas, the Dallas, National and American Bar Associations, and a former member of the Board of Directors of the Dallas Bar Association. Pittman has participated in dozens of trials in state and federal courts and has provided expert testimony on numerous occasions as to the reasonableness and necessity of attorneys' fees.

5.  Benjamin Crump
    PARKS AND CRUMP LLC
    240 N Magnolia Drive
    Tallahassee, FL 32301

Crump may provide testimony regarding reasonable and necessary attorneys' fees. He will testify that factors he considers in determining reasonableness include "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; the fee arrangement existing between counsel and the client; and the risks taken and difficulties that were overcome by counsel in accepting an engagement of this type."

A partner in the law firm Parks & Crump, Crump received his Juris Doctor from Florida State University in 1995. He was named one of the National Trial Lawyers Top 100 Lawyers and *Ebony* magazine's Power 100 Most Influential African Americans. He has received the NAACP's Thurgood Marshall Award and the Southern Christian Leadership Conference's Martin Luther King Servant Leader Award. His practice is concentrated in counseling and litigation in a variety of legal matters involving civil rights violations, personal injury and wrongful death, and other litigation matters. Crump has represented clients in state courts and in federal trial and appeals courts throughout the country.

6.  Daryl K. Washington
    LAW OFFICES OF DARYL K. WASHINGTON, P.C.
    325 N. St. Paul, Suite 1975
    Dallas, TX 75201

Mr. Washington may provide testimony regarding reasonable and necessary attorneys' fees. He will testify that factors he considers in determining reasonableness include "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; the fee arrangement existing between counsel and the client; and the risks taken and difficulties that were overcome by counsel in accepting an engagement of this type." Mr. Washington has been licensed since 1999 and have been with The Law Offices of Daryl K. Washington, P.C. since March 2009. Prior to March 2009, Mr. Washington was a partner at Shackelford Melton & McKinley, LLP and also practiced at Godwin Pappas, LLP and Jackson Walker.

Mr. Washington's practice is concentrated in Civil Rights Law (police misconduct, police brutality, and wrongful death), Personal Injury, and Business Transactions.   Washington represents clients in state and federal courts throughout the country.

Mr. Washington is a member of the Dallas Bar Association, where he served as the 2006-2007 chair of the Judicial Investiture Committee. He served on the DBA Board of Directors in 2003-04.  Mr. Washington was a Patrick E. Higginbotham American Inns of Court member for 2006-09. He served as Deputy Chief of Staff for National Bar Association President Rodney G. Moore in 2008-2009. He currently serves on the Boards of Southern University Law Center Alumni Association, Grambling State University College of Business Advisory Board and formerly served as the Deputy General Counsel to the President of the National Bar Association. He currently serves as the Director of Communications for the National Bar Association.  Mr. Washington has been involved in numerous civil rights cases and has provided expert analyses as to reasonableness and necessity of attorneys' fees.

## II.
## NON RETAINED EXPERTS

Although none of the following are retained experts, to the extent their testimony might constitute  expert testimony Plaintiff reserves the right to examine the following witnesses and to solicit expert testimony:

7.      Dr. Kenneth L. Mattox, M.D., F.A.C.S.
         One Baylor Plaza – BCM 390
         Houston, Texas 77030

Dr. Mattox was one of the treating physicians for the Tolan's injuries. It is expected that he will testify regarding the injuries sustained by Robert Tolan and the medical fees incurred. His opinions will be based on his treatment of Robert Tolan and his observations of the injuries. Dr. Mattox's opinions are more fully expressed in the Medical Reports he completed regarding the subject injuries. These Medical Reports have all been made available to Defendants through discovery in this action.

8.      Dr. Erik Suarez, M.D.
         One Baylor Plaza – BCM 390
         Houston, Texas 77030

Dr. Suarez was one of the resident physicians who assisted in Robert Tolan's surgery.  It is expected that he will testify regarding Robert Tolan's conditions when he first arrived at the hospital.  Dr. Suarez will testify regarding the projectile entry into Tolan's right portion of his chest just below his nipple.  Dr. Suarez will testify that no attempt was made to recover the projectile because of the risk factor.  Dr. Suarez will testify that Robert Tolan was transferred to ICU with possible lung damage and internal bleeding.  His condition was classified as stable, but guarded.  His opinions will be based on his treatment of Robert Tolan and his observations of the injuries. Dr. Suarez's opinions are more fully expressed in the Medical Reports he completed regarding the subject injuries and in his deposition transcript. These Medical Reports have all

been made available to Defendants through discovery in this action.

9.      George Kenneth Griffey, Sr.
        Retired Major League Baseball Player

Mr. Griffey, Sr. will offer opinions and testimony regarding Robert Tolan's prospects as a major
league baseball player before and after his injuries. Mr. Griffey, Sr. may also offer other opinions
and conclusions to rebut the opinions of Defendants' experts. Mr. Griffey, Sr. is a former
professional baseball outfielder who played Major League Baseball for eighteen years with the
Cincinnati Reds and New York Yankees, and I am a three-time Major League Baseball All-Star,
and two time World Series Champion. Mr. Griffey, Sr. evaluated Robbie Tolan and his ability to
play baseball prior to the shooting incident that occurred on December 31, 2008. Mr. Griffey,
Sr. personally observed Robbie Tolan's physical and mental capabilities as a professional
baseball player and is of the opinion that Robbie Tolan had the talent and the skill to have a long-
term career as a professional baseball player.

10.     George Kenneth Griffey, Jr.
        Retired Major League Baseball Player

Mr. Griffey, Jr. will offer opinions and testimony regarding Robert Tolan's prospects as a major
league baseball player before and after his injuries. Mr. Griffey, Jr. may offer other opinions and
conclusions to rebut the opinions of Defendants' experts. Mr. Griffey, Jr. is a former professional
baseball outfielder who played Major League Baseball for twenty-two years for teams including
the Chicago White Sox, Cincinnati Reds, and the Seattle Mariners. Mr. Griffey, Jr. was a
thirteen time Major League Baseball All-Star, the 1997 American League Most Valuable Player
of the Year, won ten Golden Glove Awards, seven Silver Slugger Awards, and was a member of
the Major League Baseball Century Team. Mr. Griffey, Jr. is currently a Special Consultant to
the General Manager of the Seattle Mariners and has been in a position to scout, coach, and to
evaluate professional baseball players to determine talent for the purpose of hiring said
professional players, to play Major League Baseball.

11.     Dennis Gilbert
        Former Major League Agent and Scout

Mr. Gilbert will offer opinions and testimony regarding Robert Tolan's prospects as a major
league baseball player before and after his injuries. Mr. Gilbert may offer other opinions and
conclusions to rebut the opinions of Defendants' experts. Mr. Gilbert was a former Special
Assistant to the Chairman of the Chicago White Sox, the Chairman and Founder of Professional
Baseball Scouts Foundation, and former top baseball sports agent. He's been in a position to
scout, coach, and to evaluate professional baseball players to determine talent for the purpose of
hiring said professional players, to play Minor League Baseball and Major League Baseball. Mr.
Gilbert evaluated Robbie Tolan and his ability to play baseball prior to the shooting incident that
occurred on December 31, 2008Mr. Gilbert personally observed Robert Tolan's physical and
mental capabilities as a professional baseball player and will testify that Robbie Tolan had the
talent and the skill to have a long-term career as a professional baseball player prior to the
shooting incident.

12.    Tony Torasco
       Former Major League Baseball Player
       and Coach

Mr. Torasco will offer opinions and testimony regarding Robert Tolan's prospects as a major
league baseball player before and after his injuries. Mr. Torasco may offer other opinions and
conclusions to rebut the opinions of Defendants' experts. Mr. Torasco is a former professional
baseball outfielder who played Major League Baseball for nine years for teams including Atlanta
Braves, Montreal Expos, Baltimore Orioles, Cincinnati Reds, New York Yankees, and New
York Mets. Mr. Torasco also served as the Minor League Baseball coordinator for the
Washington Nationals and currently serves as a coach for first base and outfielders for the
Washington Nationals. Mr. Torasco has been in a position to scout, coach, and to evaluate
professional baseball players to determine talent for the purpose of hiring said professional
players, to play Baseball. Mr. Torasco evaluated Robbie Tolan and his ability to play baseball
prior to the shooting incident that occurred on December 31, 2008. Mr. Torasco personally
observed Robert Tolan's physical and mental capabilities as a professional baseball player and
will testify that Robbie Tolan had the talent and the skill to have a long-term career as a
professional baseball player.

13.    Darnel Coles
       Former Major League Baseball Player and hitting instructor

Mr. Coles will offer opinions and testimony regarding Robert Tolan's prospects as a major
league baseball player before and after his injuries. Mr. Coles may offer other opinions and
conclusions to rebut the opinions of Defendants' experts. Mr. Coles is a former professional
baseball outfielder, and third baseman, who played Major League Baseball for fourteen years for
teams including Seattle Mariners, Detroit Lions, Pittsburgh Pirates, and Toronto Blue Jays. Mr.
Coles also served as the Washington Nationals roving hitting instructor, the manager of the
Vermont Lake Monsters, and the manager of the Hagerstown Suns. In 2008 Mr. Coles became
the hitting coach for the Nationals Triple-A affiliate, the National Sounds. In 2013 Mr. Coles
became an assistant hitting coach for the Detroit Tigers, and currently serve as the hitting coach
for the Milwaukee Brewers. Mr. Coles has been in a position to scout, coach, and to evaluate
professional baseball players to determine talent for the purpose of hiring said professional
players, to play Major League Baseball and Minor League Baseball.

14.    Dmitri Young
       Former Major League Baseball Player and hitting instructor

Mr. Young will offer opinions and testimony regarding Robert Tolan's prospects as a major
league baseball player before and after his injuries. Mr. Young may offer other opinions and
conclusions to rebut the opinions of Defendants' experts. Mr. Young's opinions, and the basis
for same, are more fully expressed in his affidavit, which has been provided to Defendants.

## III.
## OTHER WITNESSES

15.     John Edwards
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

Officer Edwards has knowledge regarding the facts underlying this claim, including but not limited to, why he approached Robert Tolan and Anthony Cooper outside their home, Bellaire's practice of racial profiling, and training of officers.

16.     Randall Mack
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

Officer Mack has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

17.     Christopher Delk
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

Officer Mack has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

18.     Monica Barron
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

Officer Mack has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

19.      Gregory Bartlett
Bellaire Police Department
5110 Jessamine Street
Bellaire, Texas 77401
(713) 662-8107

Officer Mack has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

20.      Johnny Bohannon
Bellaire Police Department
5110 Jessamine Street
Bellaire, Texas 77401
(713) 662-8107

Officer Bohannon has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

21.      Russell Brown
Bellaire Police Department
5110 Jessamine Street
Bellaire, Texas 77401
(713) 662-8107

Officer Brown has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

22.      Aristeo Carranza, Jr.
Bellaire Police Department
5110 Jessamine Street
Bellaire, Texas 77401
(713) 662-8107

Officer Carranza has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

23.     Melissa Galan
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

        Officer Galan has knowledge regarding the facts underlying this claim, including but not
limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's
investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

24.     Joseph Jenkins
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

        Officer Jenkins has knowledge regarding the facts underlying this claim, including but not
limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's
investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

25.     Michael Lacy
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

        Officer Lacy has knowledge regarding the facts underlying this claim, including but not
limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's
investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

26.     Michael Leal
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

        Officer Leal has knowledge regarding the facts underlying this claim, including but not
limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's
investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

27.     Jeanette Palmire
        Bellaire Police Department
        5110 Jessamine Street
        Bellaire, Texas 77401
        (713) 662-8107

Officer Palmire has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and Bellaire's investigation the events that occurred on December 31, 2008 that serve as the basis of this claim.

28.     Keith Webb
        Harris County District Attorney's Office
        Government Integrity Bureau
        1201 Franklin Street #600
        Houston, Texas 77002
        (713) 755-5800

Mr. Webb has knowledge regarding the facts underlying this claim, including but not limited to, Bellaire's practice of racial profiling, and training of officers, and his investigation into the events that occurred on December 31, 2008 that serve as the basis of this claim.

29.     Doug Castleberry
        Bellaire Fire Department EMT/City of Bellaire
        5101 Jessamine Street
        Bellaire, Texas
        (713) 662-8202

Mr. Castleberry has knowledge regarding the facts underlying this claim as he responded

in his capacity as an EMT to the scene as a firefighter/paramedic for the City of Bellaire, offered

treatment to Mr. Tolan, and witnessed the scene and overheard comments made by the

Defendant Officers.


## IV.
## OTHER PARTIES' EXPERTS

In addition to the experts identified above by the Plaintiff, without conceding their

qualifications or vouching for their opinions, may designate testimony from and examine the

experts designated by Defendants.

## V.
## RIGHT TO SUPPLEMENT

Plaintiff reserves the right to supplement his expert disclosures and reports as appropriate under FRCP 26(e) and 26(a)(3).