UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT R TOLAN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-1324 |
| | § | |
| JEFFREY WAYNE COTTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court, *inter alia,* is Plaintiffs' Emergency Motion for Continuance under FRCP 56(d) of Defendants' Motions for Summary Judgment and Brief in Support. (Doc. 172). Plaintiffs move the Court to continue the submission date of the Summary Judgment Motions (Docs. 157 and 158) filed by Defendants Jeffrey Cotton ("Cotton") and the City of Bellaire ("City") because they need discovery in order to respond to the motions, citing Federal Rule of Civil Procedure 56(d). The Court ordered (Doc. 177) the submission date for the motions for summary judgment, July 20, 2015, be extended to a time to be determined after August 4, 2015, the submission date for the Emergency Motion for Continuance, in order to allow Defendants to respond to the Emergency Motion. Defendants filed their response opposing the Emergency Motion on August 4, 2015.

Federal Rule of Civil Procedure 56 (d) reads:

> (d) When Facts are Unavailable to the Nonmovant
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Plaintiffs argue that they are unable to present facts essential to justify their opposition to the motions for summary judgment because (1) there are outstanding interrogatories and requests for production of documents to Cotton and the City, and (2) there have been requests for depositions of witnesses, which have not been accomplished.

At the beginning of the case Defendants had objected to interrogatories and requests for production of documents  posed by the Plaintiffs that were not within the scope of discovery on qualified immunity.  Once the qualified  immunity issue was determined, counsel for Plaintiffs asked Defendants' counsel if they planned to amend their responses.  On May 22, 2015 the Defendants amended their responses to Plaintiffs' interrogatories and requests for production of documents. Doc. 172-3; Doc. 186-1, 186-2, 186-3.

Cotton was asked 18 interrogatories and answered 15.  To two of those interrogatories Cotton objected, and the third interrogatory was a follow-up to a question to which Cotton objected.  Plaintiffs requested Cotton to produce a list of  27 documents.  To six document requests Cotton answered either he had no such documents, or that they would be contained elsewhere in the production of documents by the City.  To eight requests he objected and then, "subject to" those objections, referred to locations where the documents were contained in the production.  To four documents Cotton referenced either his personnel file or bates numbers of documents produced.  To nine requests for production of documents he lodged objections.

Defendant City of Bellaire was presented 45 requests for production of documents.    To 20 of these requests the City objected.  To 19 of these requests the City objected, but responded, "subject to" the objection or referenced other responses.

On July 2, 2015 counsel for Plaintiffs emailed  (Doc 174-4) counsel for Defendants to set out the numbers of the "specific items that should be supplemented," but never thereafter moved

to compel further responses to the supplemental answers to interrogatories and requests for production of documents sent to Cotton and the City.

Discovery cut off was set by the pretrial scheduling order as May 27, 2015.  Doc.  127. Discovery cut off was later extended by court order to June 12, 2015.  Doc. 154.  It is now, after discovery cut off, in response to the Defendants' motion for summary judgment, and with trial set for the two week period beginning September 14, 2015, Plaintiffs argue that they need the information they would expect to receive from a motion to compel responses to their interrogatories and requests for production of documents in order to respond to the motion for summary judgment.

On June 4, 2015 the Plaintiffs' counsel asked for deposition dates, "ASAP," for Defendant Jeffrey Cotton, defense witness John Edwards, and Defendants' experts Albert Rodriguez and William Lewinski.  Doc. 172-8.  A series of emails, were sent back and forth between counsel for Plaintiffs and counsel for Defendants discussing dates for the depositions of these witnesses.  Doc. 172, exhibits 8, 9, 10, 12, 13, 14, 15 (Docs 172-8, 172-9, 172-10, 172-12, 172-13, 172-14, 172-15) and  Doc. 186, exhibits E, G, H, I, J, K, L, M, N, O  (Docs 186-5, 186-7 through 186-15).

On July 2, 2015 counsel for Defendants wrote to counsel for Plaintiffs a four page letter summarizing the email correspondence between them.  The essential points of the letter, borne out by the record and the emails themselves, are:

1.  In the ten month period between August 27, 2014, the date of the scheduling order (doc. 127) when the discovery period began and June 30, 2012, the deadline for filing dispositive and non-dispositive motions, the Plaintiffs took no depositions.

2.  On June 4, 2015, approximately one week before the expiration of the extended

discovery deadline, Plaintiffs asked for future dates to depose Cotton, Edwards, Rodriguez, and Lewinski.

3.   On June 4, 2015 Counsel for Defendants informed counsel for Plaintiffs that Rodriguez could be presented for deposition on June 29th or June 30th in Houston or Austin.  On June 5, 2015 counsel for Defendants informed counsel for Plaintiffs that Cotton and Edwards "could do their depositions on *any Thursday or Friday in June* other than June 11th." Doc. 186-16, emphasis in the original.  On June 11th, counsel for Defendants informed counsel for Plaintiffs that Lewinski could be presented for deposition on June 29th or 30th in Mankato, Minnesota.

4.   On June 6, 2015 counsel for Plaintiffs informed counsel for Defendants that he wished to depose Cotton and Edwards on June 26 and Rodriguez on June 29th.

5.   On June 18, 2015 counsel for Plaintiffs noticed the depositions of Cotton and Edwards to occur on June 26, 2015. Doc 172-11.

6.   Although counsel for Defendants agreed to present Rodriguez and Lewinski for depositions on June 29 or 30th, they were never noticed for deposition by the Plaintiffs.

7.   On June 23, 2015 counsel for Plaintiffs informed counsel for Defendants that there was a potential conflict with the June 26th date and asked to reschedule the Cotton and Edwards depositions for the 29th.  Plaintiffs' counsel was informed that the officers were scheduled for an out of town training session for the 29th and the 30th, and counsel for Defendants told counsel for Plaintiffs the officers could not be deposed on June 29 or 30.

8.   On June 25, 2015 counsel for Plaintiffs sent notices of depositions for Cotton and Edwards for July 7, 2015 and for a 30(b)(6) deposition from a representative of the City of Bellaire for July 8, 2015.  Doc 172-16.   These notices were for periods well beyond the

discovery cut off deadline of June 12, 2015, and, in the July 2, 2015 letter, counsel for Defendants informed counsel for Plaintiffs that he would not present witnesses, nor participate in the depositions for that reason.

Plaintiffs' motion for continuance is nothing more than an effort to re-open discovery in order to counter the summary judgment evidence presented in Defendants' motion for summary judgment.  Federal Rule of Civil Procedure 56(d) provides that the nonmovant for summary judgement must show that "for specified reasons," it cannot present facts essential to justify its opposition.  The Plaintiffs argue that because of the Defendants' "stonewalling" them on discovery they were not able to conduct the discovery necessary to obtain facts to justify its opposition.   The arguments do not establish Defendants were stonewalling Plaintiffs on discovery.  The facts to oppose the summary judgment are facts that Plaintiffs should have discovered for their case in chief.  If they do not have those facts it is not because Defendants have been stonewalling them, but because they have been dilatory in acquiring the facts.  The record reflects that Defendants attempted to take no depositions between the day the scheduling order was entered, August 27, 2014  and  June 4, 2015 when counsel for Defendants inquired about dates to take depositions of Cotton, Edwards, Rodriguez, and Lewinski.  After Defendants filed supplementations to their requests for production of documents and answers to interrogatories, the Plaintiffs made no further efforts to obtain answers and documents objected to by Defendants.  Diligence would dictate the filing of motions to compel answers or production of documents to which they believed Defendants owed them responses.

Rule 56(d) motions are "broadly favored and should be liberally granted."  *Ruby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).  Nevertheless the rule requires the movant to "set forth a plausible basis for believing that specified facts, susceptible of collection within a

reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."  *Id*. (quoting *C.B. Trucking, Inc.v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).  As important is the established law that if the party seeking the Rule 56(d) motion for continuance "has not diligently pursued discovery," discovery under Rule 56(d)  is unavailable.  *Beattie v. Madison Cnty. Sco. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

Because Plaintiffs have not diligently pursued discovery and because they have not shown that additional discovery would create a genuine issue of fact, it is hereby

ORDERED that Plaintiffs' Emergency Motion for Continuance Under FRCP 56(d) of Defendants' Motions for Summary Judgment is DENIED. (Doc. 172)  It is further

ORDERED that Plaintiffs have ten days from the date of the entry of this Opinion and Order to file responses to Defendants' Motions for Summary Judgment.

SIGNED at Houston, Texas, this 14th day of August, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE