IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT R. TOLAN, MARIAN TOLAN,    §
BOBBY TOLAN, AND ANTHONY COOPER,  §
                                  §
                                  §
          Plaintiffs,             §
                                  §
VS.                               §    CIVIL ACTION H-09-1324
                                  §
JEFFREY WAYNE COTTON, JOHN C.     §
EDWARDS, RANDALL C. MACK, BYRON   §
HOLLOWAY, CYNTHIA SIEGEL,         §
BERNARD SATTERWHITE, THE CITY OF  §
BELLAIRE, and THE BELLAIRE        §
POLICE DEPARTMENT,                §
                                  §
          Defendants.             §

## OPINION AND ORDER

Pending before the Court in the above referenced cause are Defendants' "opposed objections" (instrument #197) to United States Magistrate Judge Frances Stacy's order (#193) denying Defendants' opposed motion to exclude, or alternatively limit, the testimony of George Kenneth Griffey, Sr., George Kenneth Griffey, Jr., Dennis Gilbert, Tony Torasco, and Darnel Coles (#162), identified by Plaintiffs as expert witnesses by Plaintiffs Robert R. Tolan, Marian Tolan, Bobby Tolan, and Anthony Cooper.

### Standard of Review

In reviewing a party's objections to a pretrial decision of a magistrate judge on a nondispositive matter under Federal Rule of Civil procedure 72(a), a district judge may "modify or set aside

any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the factual findings. *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996), citing *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). The district court, however, may not modify or set aside the factual components of the magistrate judge's determination unless, although there is evidence to support it, the district court is "left with the definite and firm conviction that a mistake has been committed." *Id., citing id.* "If a magistrate judge's 'account of the evidence is plausible in light of the record reviewed in its entirety,' a district judge may not reverse it." *Id., citing RTC v. Sands*, 151 F.R.D. 616, 618 (N.D. 1993), *citing Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). *See also United States v. United States Gypsum Co.*, 333 U.S. 364 (1948). To the magistrate judge's legal conclusions the district court applies *de novo* review and reverses if the magistrate judge errs in her legal conclusions. *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). An "abuse of discretion" standard applies to the review of "the vast areas of choice" that is left to the magistrate judge who has properly applied the law to factual findings that are not clearly erroneous. *Lahr*, 163 F.R.D. at 208, *quoting Smith*, 154 F.R.D. at 665.

**Defendants' Motion to Exclude or Limit (#162)**

In their underlying motion to exclude or limit the testimony
of the proposed individual witnesses named above, Defendants
contend that these former professional baseball players, whom
Plaintiffs have designated as "nonretained" experts, are actually
"specially employed experts designated to provide opinions about
Robbie Tolan's capability to have a professional baseball career."
#162 at p.2.  Under Federal Rule of Civil Procedure 26(a)(2), a
witness is "specially employed" when he has no personal involvement
in facts giving rise to the litigation, but is engaged to provide
opinion testimony, regardless of whether he is compensated or
simply volunteers.  *Huffman v. City of Conroe*, No. H-07-1964, at
*7, 6 (S.D. Tex. July, 31, 2008)(copy attached to #162-3)(Unlike a
"retained" expert, who is paid to testify, a "specially employed"
expert need not be compensated but his services can be engaged for
a particular activity.); *Bell v. Illinois Cent. R. Co.*, No. 3:05-
cv-904-DRH, 2006 WL 3841544 (S.D. Ill. Dec. 14, 2006), *aff'd*, 2007
WL 30538 (S.D. Ill. Jan. 4, 2007)(when a physician goes beyond what
he personally saw and did and why as a treating physician, beyond
medical records, medical testing, and examination performed during
his treatment of a patient, and opines about causation, prognosis
or future disability not part of his treatment that amounts to an
opinion formed for purposes of Plaintiff's lawsuit, because his
testimony strays from the core of his treatment the physician must
provide an expert report).  "Even if the witnesses are 'volunteers'

rather than paid experts, they have been retained by [a party] to provide expert testimony, and [must] comply with Rule 26." *J.A. ex rel. Abelove v. Seminole Cnty. Sch. Bd.*, 6:05 CV 975-ORL-31, 2006 WL 2927560, at *2 n.1 (M.D. Fla. Oct. 12, 2006). Defendants maintain that these five potential witnesses did not participate in any of the events that are part of this litigation so they cannot be characterized as nonretained experts.[1] *Skyeward Bound Ranch v. City of San Antonio*, Civ. Action No. SA-10-CV-0316 XR, 2011 WL 2162719, at *3 (W.D. Tex. June 1, 2011); *Beane v. Utility Trailer Manufacturing Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *3 (W.D. La. Feb. 25, 2013); *Eagle Oil & Gas Co. v. Travelers property and Casualty Co.*, Civ. A. No. 7:12-cv-00133-O, 2014 WL 3744976, at *8 (N.D. Tex. July 30, 2014). Such witnesses were not properly disclosed and were required to provide an expert report under Rule 26.

Furthermore, even if they were not required to disclose a report, contend Defendants, only sketchy and vague information was provided regarding these non-retained expert witnesses, so

---

[1] As indicated in the advisory Committee's note, this distinction is typically applied in (1) addressing opinions of a treating physician, personally involved in the events giving rise to the litigation, whose opinion testimony is limited to his observation, diagnoses and treatment under Fed. R. Evid. 702, 703, and 705), with no expert report required, and a physician, without prior knowledge of the facts of the case, recruited to provide an expert opinion, who is subject to Rule 26(a)(2)(B) and must provide an expert report. A treating physician can fall into both categories.

Plaintiffs are barred from using these witnesses' testimony "at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 26(a)(2)(C), which governs mandatory disclosures regarding nonretained experts, nonretained experts "must provide disclosures stating both the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the non-retained expert is expected to testify." *Continental Casualty Co. v. F-Star Property Management, Inc.*, No. EP-10-CV-102-KC, 2011 WL 2887457, at *6 (W.D. Tex, July 15, 2011). A failure to provide the information required by Rule 26(a) or 26(e) will result in its not being allowed to be used at trial under Rule 37(c)(1) "unless the failure was substantially justified or is harmless." *Id.*, citing Rule 37(c)(1); *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). Plaintiffs merely named the five baseball players and conclusorily claimed that they "will offer opinions and testimony regarding Robert Tolan's prospects as a major league baseball player before and after his injuries." They do not identify the actual substance of the opinions and testimony beyond stating that "Robert Tolan had the talent and skill to have a long-term career as a professional baseball player." There is no summary of the facts or of the expected opinion testimony. Plaintiffs "disclosures" fall well short of the requirements of Rule 26(a)(2)(C)(ii). *Hewlett Custom*

*Home Design, Inc. v. Frontier Custom Builders, Inc.*, Civ. A. No. H-10-04837, at *1-2 (S.D. Tex. Mar. 21, 2013); *Gerald v. Univ. of Southern Mississippi*, Civ. A. No. 2:12cv147-KS-MTP, 2013 WL 5592454, at *4-5 (S.D. Miss. Oct. 10, 2013)(A retained expert witness must provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them, and the facts or data considered by the witness in forming them, Rule 26(a)(2)(B), while a nonretained expert witnesses need not submit a written report but the party's designation must state the subject matter on which the witness is expected to present testimony, including a summary of the facts and opinions to which the witness is expected to testify, Rule 26(s)(2)(C).).

### Magistrate Judge's Decision

After reviewing the record (Defendants' motion to exclude or limit (#162), Plaintiffs' response (#180), Defendants' reply (#190), and the content of the designations provided by Plaintiffs (#141)), in a rather bare-bones order Magistrate Judge Stacy found there was no evidence that these individuals were retained or specially employed to provide expert evidence in this case and denied Defendants' motion to exclude or limit their testimony. #193.

### Defendants' Objections (#197)

Defendants assert that the Magistrate Judge's ruling was in

error and contrary to clear law because Plaintiffs were obligated under Rule 26(a)(2)(B) to disclose properly the opinions of these challenged witnesses and the bases of those opinions.  Magistrate Judge Stacy denied the motion solely on her erroneous conclusion that these men were not "retained or specially employed to provide expert testimony in this case."  Defendants insist that the record establishes that these men were "retained or specially employed to provide expert testimony in this case."  In addition the magistrate judge failed to identify any admissible opinion of these men.

While Magistrate Judge Stacy simply looked at whether these men were compensated, Defendants argue that it is irrelevant for purposes of disclosure under Rule 26 whether they are compensated for their testimony or they simply volunteered.  *Spears v. United States*, No. 05:13-CV-47-DAE, 2014 WL 258766, at *8 (W.D. Tex. Jan. 23, 2014)("It is irrelevant for purposes of Rule 26 whether an expert has been compensated for his or her testimony or simply volunteers that testimony.  Nothing in the Federal Rules prohibits an expert from formulating opinions simply because the expert elected to do so on a voluntary basis."); *J.A. ex rel. Abelove v. Semonle Cnty. Sch. Bd.*, 6:05-CV-975-ORL-31, 2006 WL 2927560, at *2 n.1 (M.D. Fla. Oct. 12, 2006)(finding that the volunteer expert was "retained" and must comply with Rule 26 and provide a report).

Expanding on the points made in their underlying motion, Defendants emphasize that none of these five men participated at

all in any events that are part of this litigation, so it is erroneous to call them nonretained experts; thus they were required to submit an expert report. *Skyeward Bound Ranch v. City of San Antonio*, Civ. Action No. SA-10-CV-0316 XR, 2011 WL 2162719, at *3 (W.D. Tex. June 1, 2011)(Mag. Judge)(Rule 26(a)(2)(C)'s "[r]equiring less of an expert who is not retained or specially employed is logical because that type of witness usually has firsthand factual knowledge about the case."); *Beane v. Utility Trailer Manufacturing Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *3 (W.D. La. Feb. 25, 2013)(Several district courts have followed the lead of [*Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011)] and held that the distinction between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is that 26(a)(2)(C) experts' conclusions and opinions arise from firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit, and not conclusions they formed because they were recruited to testify as an expert after-the-fact."); *Eagle Oil & Gas Co. v. Travelers property and Casualty Co.*, Civ. A. No. 7:12-cv-00133-O, 2014 WL 3744976, at *8 (N.D. Tex. July 30, 2014)("Travelers has not established that Sones had first-hand knowledge or was a percipient witness . . . so as to escape the requirement that he submit a full expert report.").

Defendants highlight the fact that none of the potential expert witnesses participated in any events that are part of this

case and thus should not be characterized as nonretained experts.
According to the *Beane*, the First Circuit in *Downey* compared Rules
26(a)(2)(B) and 26(a)(2)(C) and held

> that 26(a)(2)(B)'s designation of an expert who was
> "retained or specially employed" turned on "the
> difference between a percipient witness who happens to be
> an expert and an expert who without prior knowledge of
> the facts giving rise to litigation is recruited to
> provide expert opinion testimony." . . . [W]here "the
> expert is part of an ongoing sequence of events and
> arrives at his causation opinion during treatment, his
> opinion testimony is not that of a retained or specially
> employed expert," and thus 26(a)(2)(C), and not
> 26(a)(3)(B), would apply.[2]

Furthermore, Defendants argue, Plaintiff failed to adequately
identify any admissible opinion of any of them.  Therefore their
testimony at trial should be barred under Rule 37.

Defendants reiterate that even if these proposed witnesses
were not required to disclose a report, the slight information
provided in the disclosure made by Plaintiffs for each witness is
facially insufficient to satisfy Rule 26(a)(2)(C), and therefore
they cannot be used as witnesses at trial unless Plaintiffs
substantially justify their failure to comply with the rule or

---

[2] As indicated in the advisory Committee's note, this
distinction is typically applied in (1) addressing opinions of a
treating physician, personally involved in the events giving rise
to the litigation, whose opinion testimony is limited to his
observation, diagnoses and treatment under Fed. R. Evid. 702, 703,
and 705), with no expert report required, and a physician, without
prior knowledge of the facts of the case, recruited to provide an
expert opinion, who is subject to Rule 26(a)(2)(B) and must provide
an expert report.  A treating physician can fall into both
categories.

demonstrate that their noncompliance is harmless.  Rule 37(c)(1).
*Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546,
563 (5th Cir. 2004).

### Applicable Law

"The admission or exclusion of expert testimony is a matter
left to the discretion of the trial court, and that decision will
not be disturbed on appeal unless it its manifestly erroneous."
*Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir.
1995), cited for that proposition in *First Nat. Bank of Durant v.
Trans Terra Corp. International*, 142 F.3d 802, 811 (5th Cir. 1998),
and *Primrose Operating Co. v. National American Insurance Co.*, 382
F.3d 546, 563 (5th Cir. 2004).

Rule 26(a) requires the parties to disclose each individual
likely to have discoverable information and to provide a copy of
all relevant documents in the party's possession or control, as
well as to identify any person who may be called to present expert
testimony.  Federal Rule of Civil Procedure 26(a)(2)(A) provides,
"In addition to the disclosures required by Rule 26(a)(1), a party
must disclose to the other parties the identity of any witness it
may use at trial to present evidence under Federal Rule of Evidence
702, 703, or 705."  Rule 26(a)(2)(C) expressly contemplates that a
witness who is not required to provide a written report can present
"evidence under Federal Rule of Evidence 702, 703, or 705."
Federal Rule of Evidence 703 states, "An expert may base an opinion

-10-

*on facts or data in the case that the expert has been made aware of*

<u>*or*</u> personally observed. [emphasis added by the Court]."   *Id.*

A witness who is "retained" or is "specially employed" to provide expert testimony in the case, or whose duties as an employee of a party regularly include providing expert testimony, must provide a written report along with the disclosure.   Fed. R. Civ. P. 26(a)(2)(B).   The report must include the following:

> (I) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

As noted, failure to disclose an expert witness as required by Rule 26(a)(2)(B) can result in exclusion of testimony at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).   Nevertheless, there is some flexibility allowed:   "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:   (A) may order payment of the reasonable expenses, including attorney's

fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(v)." *Id.*

Federal Rule of Civil Procedure Rule 26(a)(2)(B) states in relevant part,

> Unless otherwise stipulated or ordered by the court, [the disclosure of expert testimony] must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

*Kim v. Time Ins. Co.*, 267 F.R.D. 499, 501 (S.D. Tex. 2008)(Under Rule 26(a)(2)(B) "[t]he disclosure [of the identity of any expert witness] must be accompanied by a written report 'if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert witness."). The report must include *inter alia* "'a complete statement of all opinions the witness will express and the basis and reasons for them.'" *Id., quoting* Fed. R. Civ. P. 26(a)(2)(B)(i).

For a witness who is not required to provide a written report, that witness's disclosure "must state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee's Note for the 2010

amendment of this provision states, "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." The Note further explains that "the Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions that the witness will present, in contrast to Rule 26(a)(2)(B)'s requirement that the expert who must file a report must disclose in his report facts or data, including "any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Nevertheless some specificity is required. In *Little Hocking Water Assoc., Inc. v. E.I. DuPont de Nemours and Co.*, No. 2:09-cv-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)(*followed by Marr v. Abercrombie & Fitch Stores, Inc.*, No. 5:14-CV-00123-F, 2015 WL 3827326, R *5 (E.D.N.C. June 19, 2015), the district court opined,

> {T}he Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of their opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts--only those on which the expert actually relied in forming his or her opinions--that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material sources of facts, without stating a brief

account of the main points from those large bodies of material on which the expert relies.

The 2010 amendments of Rule 26 "did not alter who was required to file an expert report under the rule and explained that an expert "retained or specially employed" must submit a complete expert report." *Coleman v. American Family Mutual Ins. Co.*, 274 F.R.D. 641, 645 (N.D. Ind. 2011). Rule 16(a)(c) requires summary disclosures by expert witnesses who were not retained or special employed, while an expert "retained or specially employed" must submit a complete expert report under Rule 26(a)(2)(B). *Id. See also Call v. City of Riverside*, No. 3:13-c-133, 2014 WL 2048194, at *1-2 (S.D. Ohio May 19, 2014); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-1094, 2013 WL 1189493, at *12 (N.D. Ga. Mar. 21, 2013).

As noted, in *Downey*, 633 F.3d at 7, the First Circuit opined that if "the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)."

The Sixth Circuit had concluded that whether a witness falls within the expert report requirement of Rule 26(a)(2)(B) "is determined primarily by the scope, substance and source of the intended testimony--not by whether he is being paid for his testimony. *Ulbrick v. UPR Products, Inc.*, No. Civ. 08-13764, 2011 WL 5975061, at *4 (E.D. Mich. Feb. 8, 2011), *citing Fielden v. CSX*

*Transp., Inc.*, 482 F.3d 866, 871 (6ᵗʰ Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 7, 2007).

In *Huffman*, No. H-07-1964, at *6-7, the Honorable Nancy Atlas persuasively construed and distinguished the terms "retained" and "specially employed" experts under Rule 26(a)(2)(B):

> Rule 26(a)(2)(B) establishes three categories of witnesses who are required to produce written reports during discovery: "retained" witness, "specially employed" witnesses, and party employees whose duties "regularly involve giving expert testimony." The Random House Dictionary defines "retained," in relevant part, as "to hire, esp. by payment of a retainer." Random House Webster's Dictionary 567 (1993); *see also Kirkham v. Societe Air Fr.*, 236 F.R.D. 9, 12 (D.D.C. 2006).[3] By contrast, the definition of "employ" may include but does [not] require monetary payment. To "employ" is "to engage the services of; hire; to make use of; to devote (time, energies, etc.) to a particular activity." The Court concludes there is a distinction between a "retained" expert, i.e., one who is paid for services, and a "specially employed expert. . . .
>
> The term "specially employed" is a non-specific, catch-all phrase that encompasses experts whose relationship to the party employing them defies ordinary classifications or more specific labels. Thus the Court holds that a witness is "retained" if she is to provide expert opinion and testimony in exchange for a fee; a witness is "specially employed" if she has no personal involvement in the facts giving rise to a case and is instead engaged specifically by a party to provide opinions and testimony bearing on the particulars of a case, without monetary payment for those services. *See, e.g., Bell*, 2006 U.S. Dist. LEXIS 90445, at *14 [2006 WL

---

[3] The Court notes that a retained witness under Rule 26(a)(2)(B) has been defined more expansively by one court as a witness "'who will receive consideration different than the statutory fees and allowances.'" *Id., quoting Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 55-56 (S.D. W. Va. 1995)("The terms 'retained' and 'specially employed' encompass a wide range of compensation agreements not limited to payment of an expert fee at an hourly rate.").

3841544 at *5] (holding that the plaintiff's witness was required to produce a report in accordance with Rule 26(a)(2)(B) because "it appears that [the witness's] opinions would be formed in anticipation of litigation, which is a key factor in deciding whether an expert report is required" and because "[t]here is no contention that Plaintiff sought this expert's services prior to litigation arising, as is often the case with treating physicians["]); *see also Kirkham*, 236 F.R.D. at 12; *Chong v. Univ. of Houston*, No. H-05-3275 (S.D. Tex. June 28, 2007)(Hoyt, J.). This interpretation of the rule gives effect to all three categories, while recognizing the exception as contemplated by the drafters.[4]

## Court's Decision

Although the Court agrees with Magistrate Judge Stacy that there is no evidence nor even a suggestion that the baseball players are regularly employed by Defendants, no less that they regularly give expert testimony, nor that they are not being compensated for their testimony, after reviewing the record, including Plaintiffs' last-minute response (#210) to Defendants' objections, for the reasons stated in the Court's presentation of the applicable law, the Court concludes that United States Magistrate Stacy erred as a matter of law in misconstruing the terms "retained" and "specially employed" under Rule 26(a)(2)(B) and erroneously limiting their meaning to a witness being monetarily compensated for his testimony. Because the Court agrees

---

[4] Judge Atlas further points out that her interpretation "fully comports with the purpose of the rule. . . . to provide a mechanism for making relevant information available to the litigants." *Huffman*, No. H-07-1964, at *7-8. A written report is intended to help opposing parties adequately prepare to respond to expert testimony. *Id*. at 8.

with Defendants that the proposed witnesses are "specially employed,"[5] the Court concludes that these former baseball players were required, but failed, to provide expert reports.

Indeed even if they were not specially employed experts, required to submit an expert report, the summaries they provided pursuant to Rule 26(a)(2)(C) do not satisfy the lower standard required by that Rule. *See Little Hocking*, 2015 WL 1105840, at *9; *Marr*, 2015 WL 3827326, at *5. The Court agrees with Defendants that other than naming the five baseball players and conclusorily asserting that they "will offer opinions and testimony regarding Robert Tolan's prospects as a major league baseball player before and after his injuries," they do not identify the actual substance of the opinions and testimony beyond stating that "Robert Tolan had the talent and skill to have a long-term career as a professional baseball player." There is no summary of the facts or of the expected opinion testimony. Thus Plaintiffs "disclosures" fall well short of the lessened requirements of Rule 26(a)(2)(C)(ii).

Furthermore, Plaintiffs have not shown that their failure to provide the information required by Rule 26(a) was "substantially justified or is harmless."

Accordingly, the Court

---

[5] Perhaps even "retained" experts under the broad definition of the terms in *Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 55-56 (S.D. W. Va. 1995)("The terms 'retained' and 'specially employed' encompass a wide range of compensation agreements not limited to payment of an expert fee at an hourly rate.").

ORDERS that the Magistrate Judge's order of August 18, 2015 (#193), denying Defendant's motion to exclude or limit, is REVERSED and Defendants's motion to exclude (#162) the testimony of the five proposed expert witnesses is GRANTED.

**SIGNED** at Houston, Texas, this 14<u>th</u> day of <u> September </u>, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE